IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL MCCORMICK,

        Plaintiff,

        3:10-cv-00553-PK

        OPINION AND ORDER

v.

NEW ENGLAND LIFE INSURANCE COMPANY, a corporation, METROPOLITAN LIFE INSURANCE CO., a Delaware corporation, and MICHELLE WARNES, an individual,

        Defendants.

PAPAK, Judge:

        Plaintiff Samuel McCormick pursues this breach of contract and fraud action against New England Life Insurance Company ("New England"), Metropolitan Life Insurance Co. ("Metlife"), New England's parent company, and Michelle Warnes, managing partner of New England's local branch office, arising out of defendants' alleged failure to promote him to a Specialist position. Now before the court is McCormick's motion to amend his complaint (#74)

Page 1 - OPINION AND ORDER

to state a claim for punitive damages. That motion is denied with leave to refile, should McCormick produce additional evidence to demonstrate "good cause" for failing to amend his pleading within the time set by this court's scheduling order.

McCormick's original complaint, filed in state court, "reserves the right to amend the pleadings herein pursuant to the terms of ORS 31.725," the statute establishing requirements for pleading a claim for punitive damages. (Complaint, #1, Ex. A.) McCormick seeks leave to amend his complaint to allege that he is "entitled to punitive damages in an amount to be determined by the jury not to exceed $200,000." (Prop. First Amend. Compl., #76, at ¶30.) Although McCormick frames his amendment as merely specifying the "amount" of his punitive damage claim, in fact, the amendment for the first time pleads a claim for punitive damages limited to $200,000.

The parties agree that the standard for granting McCormick leave to amend a complaint to add a punitive damages claim in this case is supplied by Federal law under the *Erie* doctrine, not under Or. Rev. Stat. § 31.725. This court issued a scheduling order requiring all amended pleadings be filed by March 31, 2011. (#28). Because McCormick seeks to amend after that deadline, the Fed. R. Civ. P. 16(b) "good cause" standard governs the proposed amendment, rather than the more liberal Fed. R. Civ. P. 15(a) amendment standard. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.")

Page 2 - OPINION AND ORDER

Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule16(b) good cause inquiry focuses on the diligence of the party seeking amendment, and leave to amend should be denied unless the moving party can show that it could not comply with the deadline due to developments which could not have reasonably could have been foreseen or anticipated. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Flir Systems Inc.v. Sierra Media, Inc.*, No. 3:10–cv–00971–HU, 2012 WL 243690, at *7 (D. Or., Jan. 25, 2012).

Here, McCormick offers no explanation for his failure to move to amend earlier and therefore makes no showing of diligence. Indeed, it appears that his counsel mistakenly believed that the Or. Rev. Stat. § 31.725 applied, which might have permitted last-minute amendment to add a punitive damages claim that does not prejudice the opposing party. Or. Rev. Stat. § 31.725(2)-(3) ("At any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages. . . . The court shall deny a motion to amend a pleading made under the provisions of this section if . . . [t]he party opposing the motion establishes that the timing of the motion to amend prejudices the party's ability to defend against the claim for punitive damages.")

Once a party fails to show diligence, "the inquiry should end because carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Flir Systems*, 2012 WL at *7 (internal citations and quotations omitted). Moreover, McCormick's insistence that New England will suffer no prejudice is insufficient grounds for granting leave to amend. *See Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the

Page 3 - OPINION AND ORDER

inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end."). Finally, McCormick is mistaken that Fed. R. Civ. P. 16(c)(2)(B) requires the court to permit his amendment.[1] Accordingly, McCormick fails to meet his burden to show good cause under Rule 16(b) for violating the court's scheduling order.

Two factors, however, suggest McCormick should have leave to refile this motion if he is able to present sufficient evidence of "good cause" for seeking this amendment after the deadline to do so had expired. First, McCormick announced his intent to potentially seek leave to amend to state a claim for punitive damages at the outset of this case. Second, this court's decision to sever McCormick's trial from that of the other two plaintiffs in this case, (#65), and the subsequent order setting further dates for McCormick's trial without mentioning pleading deadlines, (#70), may have created some confusion about whether McCormick was permitted to file amended pleadings specific to McCormick's claims.

//

---

[1] Rule 16(c)(2) provides "At any pretrial conference, the court may consider and take appropriate action on the following matters: . . . (B) amending the pleadings if necessary or desirable . . . ." Fed. R. Civ. P. 16(c)(2). McCormick argues that it is necessary and desirable to allow him to specify the amount of his punitive damage claim for the jury's benefit at or before the pretrial conference scheduled for September 5, 2012. But McCormick's proposed amendment goes beyond merely specifying the amount of damages– it adds the punitive damages claim outright. Moreover, this court declines to exercise its discretion to allow McCormick to amend based on the current motion because his untimely proposed amendment is neither necessary nor desirable, given that McCormick has failed to show he diligently pursued it. Last, this is not one of the rare situations where the court grants leave to amend under Rule 16(c)(2)(B) to enhance the efficiency of pretrial motions or trial. *See, e.g. Delalla v. Hanover Ins.*, No. 10-858, 2010 WL 3259816, at *9 (E.D. Pa., Aug. 17, 2010) (where plaintiffs had filed two separate complaints against two different sets of defendants, court exercised its discretion to order plaintiffs to file an amended complaint combining claims against all defendants under Rule 16(c)(2)(B), because proceeding to trial or determining summary judgment with two different complaints would "bring confusion and unnecessary complexity").

Page 4 - OPINION AND ORDER

## CONCLUSION

For the reasons stated above, McCormick's motion for leave to file an amended complaint (#74) is denied, with leave to refile should McCormick present additional evidence of good cause for failure to adhere to the court's earlier scheduling order.

IT IS SO ORDERED.

Dated this 10th day of July, 2012.

_____
Honorable Paul Papak
United States Magistrate Judge